LEONARD DAY, Appellant, *v.* ADELAIDE ALLEN DAY, Respondent.

*Husband and wife — divorce — decree amended by directing that custody of younger son be given to father — older son left in custody of mother — alimony not changed.*

Appeal from certain parts of an order of the Supreme Court, made at the New York Special Term and entered in the New York county clerk's office February 5, 1925, which amends a decree of divorce, awarding the custody of children to defendant and failing to reduce alimony.

PER CURIAM:   Our most careful review of the situations of these parties and their offspring as disclosed by the record leads us to the conclusion that the infants' interests will be subserved best by directing that custody and control of the younger boy be awarded to the father and that the elder boy's custody be continued in the mother.   The motion of the plaintiff is granted to that extent.   The direction in respect of alimony will not be altered.   The order should be modified by awarding custody of the younger child of the parties to the plaintiff, and as so modified affirmed.   Present — Clarke, P. J., Dowling, Merrell, Finch and McAvoy, JJ.   Order modified as indicated in opinion, and as so modified affirmed.   Settle order on notice.

---

ROSE REICHENTHAL, Respondent, *v.* NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

MAX REICHENTHAL, Respondent, *v.* NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

*Railroads — actions for injuries to wife who was not passenger — judgments in favor of plaintiffs, wife and husband, reversed on ground that verdicts in favor of plaintiffs are against weight of evidence on question whether injured plaintiff, who was not passenger, was thrown from car to ground or platform by defendant's negligence.*

Appeals from judgments of the Supreme Court in favor of the respective plaintiffs, entered in the New York county clerk's office May 24, 1924, upon verdicts of the jury for $7,500 and $2,500 rendered after trial at the New York Trial Term, and also from orders entered June 12, 1924, denying motions for a new trial.

PER CURIAM:   The judgments and orders should be reversed and new trials ordered, with costs to appellant to abide the event, upon the ground that the verdicts are against the weight of evidence on the issue of fact whether the plaintiff Rose Reichenthal, who at the time of the accident was not a passenger, was thrown from a car of the train to the ground or station platform by reason of any negligence on the part of the defendant.   Present — Clarke, P. J., Merrell, Finch, Martin and Burr, JJ.   Judgments and orders reversed and new trials ordered, with costs to appellant to abide the event.